[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT
After a hearing on December 19, 1996, the Court finds these facts to be proven.
The parties were married at Lyme, Connecticut, on November 20, 1988. The wife's maiden name was Boudreau.
One of the parties has lived continuously in this state for at least twelve months next precluding the date of the complaint. The marriage has broken down irretrievably. There are no minor children of this marriage. Neither the state nor any municipality thereof is contributing or has contributed to the support of either party.
The Court finds both parties to be in good health, although CT Page 7039 both have had a drinking problem. The plaintiff is age 57 and the defendant's age is 54. Both have been gainfully employed during the marriage. They have accumulated substantial assets. She has a house in Vermont and he has one in Groton, Connecticut. They own several timeshares at various resorts. Both have pension plans. Each owns an automobile.
The parties have agreed, and the Court hereby orders in accordance with the agreement, that each party shall keep its own houses, automobiles and time shares. The plaintiff shall keep her jewelry and her pension plan from L M Hospital. Each party shall be responsible for their own debts as shown on their respective financial affidavits. Each shall keep bank accounts presently in their respective names.
Each party has waived a claim for alimony and the Court will not award alimony to either party.
The plaintiff's maiden name of Boudreau shall be restored to her.
Each party claims the other caused the break up of the marriage because of a drinking problem. The Court finds both at fault in this regard, but that the defendant is more at fault than the plaintiff.
Accordingly, by way of a lump sum property settlement, the Court hereby awards to the plaintiff $15,000. This represents less than one-half the money, $38,592, which the defendant withdrew from his 401K account contrary to a court order.
The Court rejects the defendant's claim for work done on the Vermont house. The defendant shall retain the balance of his pension and IRA accounts and any other savings or assets he may possess. There shall be no other awards or payments to either party.
A dissolution of the marriage is hereby ordered.
D. Michael Hurley Judge Trial Referee